## INFERENCES AS TO NEGLIGENCE.

[Common Pleas Court of Lorain County.]

GRACE R. HAMILTON, ADMINISTRATRIX, v. THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY.

Decided, May 25, 1906.

*Negligence—Verdict Based on Claim—That Car Brake was Defective— Claim a Presumption only—Unsupported by Evidence—Burden of Proof—Scintilla Rule—Charge of Court—Section 3365-21.*

In an action for damages for wrongful death, where the only evidence of negligence is an inference drawn from circumstances, and other circumstances are proven, from which the inference of the absence of negligence is clearly a more natural and stronger inference, and the verdict is for the plaintiff, upon whom the burden of proof rested, it is the duty of the court to see that the party on whom the burden of proof is cast sustains that burden, and to set aside a verdict, which is in effect based upon the conjecture of the jury that the defendant was negligent.

WASHBURN, J.

This case is submitted to the court on motion to set aside the verdict of the jury and to grant a new trial. At the trial of the case the defendant submitted the case to the jury upon the testimony of the plaintiff, and without argument. The facts about which there was positive testimony are not much in dispute, and briefly stated they are as follows:

The defendant railway company owned and operated a gravity switch-yard at Collinwood, Ohio; in that switch-yard was a track known as track number twelve, which, so far as the part involved in this case is concerned, had a slight descending grade to the westward; said track to the west connecting with a lead track, and was slightly lower at the westerly end connecting with said lead track than the easterly part of said track back twenty-five or more car lengths from where it connected with said lead track. ·

On the night in question a flat car loaded with steel rails, which so far as the positive testimony is concerned, was comparatively a new car on that day, was standing on said track number twelve, some four or five car lengths east of its intersection with said lead track; said car was not attached to any other cars, and it was either held in place by its brake being set or because the track was level enough for it to stand there without running to the westward; and considering the grade of the track and what happened afterwards, the most natural inference is that the brake on said car was set; but there is no direct evidence that the brake was properly set, that is, set so that moving the car would not release it, even if it was not defective.

Soon after dark a certain switching crew, desiring to use the west end of track number twelve, backed some twenty cars and a caboose, which was on the easterly end of said twenty car train, up track twelve and against this car, and the brakeman, who without orders from any one else, but upon his own discretion used said track, testified that he did not let off the brake of said flat car when it was backed up, and that from the grinding noise when it was backed up, he is sure that the brake was set, although he at no time examined said brake, and says that he at no time released it or set it.

He further testifies that after the car was backed up some twenty car lengths, and the caboose was coupled to it, he cut off the rest of the train on the west, except said caboose and four cars, and left said caboose and said four cars attached to said flat car, with no other brake set except the one on said flat car, and was engaged in making up his train for about fifteen minutes, and then the train as made up was backed in on track number twelve and attached to said four cars and caboose, and that he then uncoupled the caboose from said flat car and the train pulled out to the west.

The plaintiff's decedent, Harley W. Hamilton, was then upon a switch engine headed eastward on a track a little to the west of where said track number twelve connects with said lead track; and immediately upon the passing of said train west, said switch

engine on which the said Harley W. Hamilton was standing moved in an easterly direction and on to said lead track and along the same, and when it got to the point where said track number twelve leads into said lead track a collision occurred between said switch engine and said flat car which was moving of its own momentum in a westerly direction about two miles an hour, and in said collision said Harley W. Hamilton was killed.

With the exception of what has been said, so far as the evidence is concerned, nothing is known as to the actual condition of said brake before the collision. At the time of the collision the load of rails on said flat car shifted and broke the brake-staff of said car and detached it from the car.

On cross-examination of one of the plaintiff's witnesses the defendant brought out the fact, that within a few hours after the accident said car was inspected by one of the inspectors of the defendant company, and he testified that the car was a comparatively new one, and that with the exception of the broken brake-staff, the brake was in good order and not out of repair in any particular.

The important issue in the case was as to whether or not the brake on said car was defective, for if it was defective, and that defect caused the collision, the defendant having failed to introduce any testimony showing that it used due diligence to ascertain the existence of such defect, then under the provisions of Section 3365-21, Revised Statutes, the company in law knew of such defect, and was therefore negligent.

At the trial of the case the court felt that under the scintilla rule in this state, the question of whether or not said brake was defective should be submitted to the judgment of the jury; and under the charge the jury must have found that the brake was defective. And now the question for the court is, whether or not that finding is so clearly wrong as to justify the court in setting aside the verdict.

The only negligence submitted to the jury in this case, was the use by the defendant of said flat car when the brake was in a defective condition.

There is no direct evidence in support of such negligence. That is, no witness who saw and examined the brake has testified that the same was defective, and no particular defect in this particular brake was pointed out or even hinted at in the evidence. The circumstances, and the only circumstances in the case which justified the inference that said brake was defective, is the fact that the car escaped and ran down the track, and that would have little force and effect, unless it was a fact that when said car was left the brake thereon was properly set.

If the brake was set, then the car having escaped so soon after the train left it, the inference would be natural that there was some defect in the brake, or that the brake was not properly set, or that some one released the brake.

On the other hand, if the brake was examined immediately or soon after the accident, and found not defective then, the inference would be just as strong that the brake was not defective before that time, in fact it would be a more natural inference, because if soon after the accident the brake was found to be not defective, it very likely was not defective a few minutes before, while there might be some circumstance, other than a defect in the brake, which would account for its releasing, such as the improper setting of it.

The burden of proving that the brake was defective is upon the plaintiff, and that is so, notwithstanding the provisions of the statute hereinbefore referred to. Under that statute a *prima facie* case of negligence is only established when "the fact of such defect shall be made to appear in the trial."

In a very recent case where this statute is considered, it is said that—

"The rule is, that he who affirms must prove, and when the whole of the evidence upon the issue involved, leaves the case in equipoise, the party affirming must fail." 74 O. S., page —; Ohio Law Reporter Supplement, page 67.

"Where an injury may have been caused by one of two things, one of which might have happened through causes without negligence on the part of the defendant, the jury will not be per-

mitted to guess that it happened on account of the other.'' 13 Ohio Decisions, page 208.

''To establish negligence there should be either direct proof of the facts constituting such negligence, or proof of facts from which negligence may be reasonably presumed; there should be no guessing by either court or jury.'' 63 O. S., page 236.

''In the absence of direct evidence in its support, an allegation that one sustained injuries by reason of the negligence of the defendant, is not sustained by proof of circumstances from which the fact that his injuries were so sustained *is not a more natural inference than any other.*'' 58 O. S., page 426.

In accordance with the law as laid down in the cases above referred to, the jury were instructed in this case as follows:

''There has been no direct evidence in support of the claim of the plaintiff that said brake was defective. By that I mean, no witness who saw it and examined it, has testified that it was defective; but the plaintiff claims that the allegation that the brake was defective has been sustained by proof of circumstances from which the defect in the brake is naturally inferred.

''But, in the absence of direct evidence in its support, the allegation that the brake was defective is not sustained by proof of circumstances from which the fact that the brake was defective is not a more natural inference than any other, for where an injury may have been caused by one of two things, one of which might have happened through causes without negligence on the part of the defendant, the jury will not be permitted to guess that it happened on account of the other.

''You should consider whether or not the natural inference from the circumstances is, that said brake was defective, and whether or not such inference is a more natural inference than any other. If not a more natural inference, then you should not find that the brake was defective.''

As I have said, the jury must have found that the inference that the brake was defective was more natural than any other. That is all there is in the case to sustain their verdict of $4,000 against the defendant.

I think that such finding by the jury was clearly wrong. The inspector testified positively that he examined the brake soon after the collision, and that it was not defective. That raises

a natural and very strong inference that it was not defective at the time of the collision.

Had the brakeman who moved the car and left it last positively testified that he set the brake or examined it after it was set, and that it was *properly* set, that would raise a natural and very strong inference, in view of what happened to the car so soon after, that there was a defect in the brake; but the brakeman does not so positively testify.

On the other hand, his testimony that the brake was *properly* set is but an inference or a deduction on his part from other circumstances.

So that the inference that the brake was defective is really an inference upon an inference. That is, one of the facts from which the inference is drawn, to-wit, that the brake was *properly* set, is itself but an inference from other circumstances.

As the inference that the brake was improperly set is as natural as the inference that it was defective, then, in view of the inspector's testimony, the inference that the brake was defective is not warranted, when all the circumstances of the case are considered.

And the burden of proof being upon the plaintiff, the jury was clearly wrong in the verdict which it rendered.

If the brake was set at all before the collision, then, according to the testimony, it was performing its function of holding the car, and was apparently all right just before the collision, and just after the collision it was examined and found to be all right and not defective; then to say that the brake was defective because the car ran down the track, is, in the absence of other evidence of defect, substituting conjecture for proof.

There was no direct evidence of negligence on the part of the defendant, and the inference that the brake was defective, being as I have said, an inference upon an inference, was really but a guess that the defendant was negligent, and that is not sufficient to sustain the verdict, and the verdict will, therefore, be set aside and a new trial granted.

It takes more than the evidence necessary to satisfy the scintilla rule to sustain a verdict when the court is asked to over-

rule a motion to set aside a verdict on the ground that it is against the weight of the testimony.

Where there is a conflict of testimony the court naturally and properly places great reliance on the judgment of twelve men, and will not disturb a verdict, unless it is so clearly wrong that the judge feels justified in substituting his judgment for the judgment of twelve men.

But where there is practically no conflict in the testimony, and the only question is, as to what is the most natural inference to be drawn from certain circumstances, it is the duty of the court, under the decisions above referred to, to see that the party on whom the burden of proof is cast, sustains that burden, and that the verdict is not based upon a mere conjecture that the defendant was negligent.

*F. M. Stevens, C. W. Dille* and *E. J. Pinney*, for plaintiff.

*E. G. & H. C. Johnson*, for defendant.